COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-06-205-CV



 

 

ROBERT L. HARR                                                                APPELLANT

                                                   V.

 

L. DAVID FLOWERS                                                                APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

------------

Appellant Robert
L. Harr appeals the trial court=s order sustaining
a contest to his affidavit of indigency filed in his suit against L. David
Flowers.  Because this order is not
appealable, we dismiss the appeal for want of jurisdiction.








On June 6, 2006,
the trial court signed an AOrder Sustaining
Contest@ to Harr=s affidavit of
inability to pay costs, ordering that Harr is not permitted to proceed in his
lawsuit against Flowers in the trial court without paying costs.  Harr then filed a AMotion for Appeal.@  On June 19, 2006, we notified Harr of our
concern that the court lacked jurisdiction over this appeal because the order
does not appear to be a final appealable order or judgment.  We informed Harr that unless he or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal, the appeal would be dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Harr filed a
response, but nothing in this response indicates that the AOrder Sustaining Contest@ is an appealable
order or shows any other grounds for continuing the appeal.

A party may appeal
only from a final judgment or an interlocutory order specifically made
appealable by statute.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 & n.12 (Tex. 2001); see, e.g.,
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014 (Vernon
Supp. 2006) (listing appealable interlocutory orders).  The trial court=s AOrder Sustaining
Contest@ is not a final
judgment, nor is there any statute or rule authorizing an appeal from such an
order.  

Therefore,
because there is no final judgment or appealable interlocutory order, we
dismiss this case for want of jurisdiction. 
See Tex. R. App. P.
42.3(a); 43.2(f).

 

PER CURIAM

 

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON,
J.

 

DELIVERED: 
July 20, 2006

 











[1]See Tex. R. App. P.
47.4.